835 F.2d 877
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael L. CHASE, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 87-1005.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before MERRITT, KRUPANSKY, and RYAN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 This appeal from a denial of Social Security Disability Insurance and Supplemental Security Income benefits by the Secretary of Health and Human Services seeks to raise two principal issues: whether an administrative law judge (ALJ) may discount on credibility grounds a disability applicant's pain symptoms when those symptoms are supported by unrebutted and substantial medical evidence, and whether the ALJ may use the medical-vocational guidelines or "Grid" to disqualify an applicant when the applicant's asserted pain limitation is nonexertional. Finding that neither of these issues is squarely raised by the facts of this case and that the ALJ's findings were supported by substantial evidence, we affirm the decision of the District Court, which affirmed the denial of benefits.
 
 
 2
 Plaintiff Michael Chase was injured in a truck accident in 1982. In 1983 and 1984 he began to experience lower back pain, eventually leading to a period of acknowledged disability from work that began in February 1984 and to a laminectomy procedure performed in August 1984. A period of recuperation then ensued. According to appellant's brief, he returned to work in November 1985. The disability issue, thus, was whether Chase was unable "to engage in any substantial gainful activity" due to physical impairment which lasted or could be "expected to last for a continuous period of not less than 12 months" after February 1984. 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 3
 During his recuperation period, Chase saw several physicians, including the surgeon who performed the laminectomy, Dr. Shannon, another treating physician, Dr. Fugle, and an examining physician for the Secretary, Dr. Sinha. In February 1985, 12 months after the period of disability began, Dr. Fugle examined Chase and opined that his patient "has been disabled since February of 1984. This disability continues. How long he will be disabled is undetermined at this time." App. 143-44. At Chase's hearing before the ALJ, he testified that he could lift only five to ten pounds "comfortably," that he could sleep only four hours at a time and sit or stand only two hours at a time without needing to change position, App. 36-39, that numbness enveloped his entire leg, and that lower back pain was present virtually all the time as a dull ache, becoming sharp at times and lasting up to four hours. App. 30-33.
 
 
 4
 On the basis of this testimony and of other opinions by Drs. Fugle and Shannon on earlier occasions, Chase asserts that, contrary to the ALJ's decision, he satisfied the criteria for disabling pain under 42 U.S.C. Sec. 423(d)(5)(A) and that, because his pain is "nonexertional," use of the "Grid" is precluded or at least limited by 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 200.0(e).
 
 
 5
 The ALJ correctly used the five step scheme to determine disability set forth in 42 U.S.C. Sec. 423(d)(2)(A) and 20 C.F.R. Sec. 404.1520. See Kirk v. Secretary of H.H.S., 667 F.2d 524, 527-28 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). To determine whether Chase's pain was disabling, the ALJ applied 42 U.S.C. Sec. 423(d)(5)(A), which provides:
 
 
 6
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 7
 42 U.S.C. Sec. 423(d)(5)(A).
 
 
 8
 The language of the statute, supported by the legislative history of its amendment in 1984, makes clear that subjective pain alone is insufficient to support a finding of disability. Id.; see H.Conf.Rep. No. 98-1039, 98th Cong., 2d Sess. 28-29, reprinted in 1984 U.S.Code Cong. & Ad.News 3080, 3086; H.Rep. No. 98-618, 98th Cong., 2d Sess. 13-14, reprinted in 1984 U.S.Code Cong. & Ad.News 3038, 3050-51; Duncan v. Secretary of H.H.S., 801 F.2d 847, 852-53 (6th Cir.1986).
 
 
 9
 In addition to tracking the statutory language, the criteria for evaluation of pain also draw upon further legislative history that under the 1984 standard, "[t]here must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." S.Rep. No. 466, 98th Cong., 2d Sess. 24, reprinted in 130 Cong.Rec. S6221 (daily ed. May 22, 1984); see Duncan, 801 F.2d at 852-53.
 
 
 10
 In evaluating the degree of Chase's remaining disability following surgery, the ALJ noted that his treating physicians generally reported a pattern of improvement in his symptoms and objective findings. He further found inconsistencies between Chase's testimony and statements he made previously to his physicians, between the reported severity of the pain and the fact that he was taking no pain medications, and between the reported "stocking" pattern of his pain and the usual physiological distribution of such pain in the areas circumscribed by the dermatomes supplied by the peripheral nerves. The ALJ combined these findings with his observation of the claimant's demeanor at the hearing to conclude that his "testimony was not completely credible" and that his "pain cannot be found to be of such severity and frequency as to be disability." App. 11-13.
 
 
 11
 Chase argues that an ALJ cannot disregard his subjective complaints of pain because the supporting statements of his physicians provide an objective basis for his pain and are uncontradicted, citing King v. Heckler, 742 F.2d 968 (6th Cir.1984) and Weaver v. Secretary of H.H.S., 722 F.2d 310 (6th Cir.1983). This is not, however, what the ALJ did in this case. The ALJ found that there were contradictions between the findings and the conclusions of Chase's treating physicians, and between the opinion of the treating physicians and the Secretary's examining physician. App. 11-12. He further found the discrepancies in claimant's own statements noted above. This is not an uncontradicted record of medical evidence in claimant's favor, and we find substantial evidence to support the ALJ's findings in this regard.
 
 
 12
 Appellant's other principal contention is that the ALJ erred in applying the Grid to nonexertional pain. It is true that a significant amount of nonexertional pain limitation would reduce the role of the Grid to a "framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations" and require the consideration of other vocational evidence in addition to the Grid. 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 200.0(e)(2); see Kimbrough v. Secretary of H.H.S., 801 F.2d 794, 796 (6th Cir.1986). In this case, however, there is substantial evidence to support the ALJ's conclusion that, although Chase was impaired "to some extent," he "exaggerated the severity of his pain, impairment and limitation." App. 13-14. We read this language to indicate that the ALJ found the nonexertional limitation less than significant. See Duncan, 801 F.2d at 853. In these circumstances, the Grid is fully applicable.
 
 
 13
 Chase argues finally that application of the Grid is in conflict with this Circuit's decisions in Damron v. Secretary of H.H.S., 778 F.2d 279 (6th Cir.1985) and Wages v. Secretary of H.H.S., 755 F.2d 495 (6th Cir.1985). Both cases are distinguishable. In Damron there was evidence that the claimant's physician had placed nonexertional limitations upon her activity. 778 F.2d at 281-82. In Wages the physician imposed limitations upon prolonged stooping, sitting, or standing by the claimant. 755 F.2d at 498. Here, these limitations were self-imposed. Although the ALJ did not fully credit Chase's testimony in this regard, he nevertheless took into account some need for occasional breaks during the work day in his conclusion that Chase "retains the residual functional capacity for a full range of sedentary work." App. 13.
 
 
 14
 The Appeals Council, the Magistrate, and the District Court all found that the ALJ's findings were supported by substantial evidence and applicable law. We affirm.