838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Omer MAGGARD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5400.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and PORTER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Appellant appeals the denial of disability insurance benefits. The district court, adopting the findings of a magistrate, found that the Secretary's decision denying disability insurance benefits was supported by substantial evidence. We affirm.
 
 
 2
 Appellant was born January 29, 1929 and has an eighth grade education. He was self-employed, operating a service station, grocery store, and a used car lot. The service station closed in 1977, the grocery store in 1980, and the used car lot in 1983.
 
 
 3
 Appellant was diagnosed as having pneumoconiosis 1/1 on August 9, 1972. In February 1983, the time appellant claims his disability began, he was hospitalized for four days with chest pain. The treating physician ruled out myocardial infarction and congestive heart failure. Appellant was diagnosed as having hypertension, chronic obstructive pulmonary disease, and mild pneumoconiosis. A cardiac catheterization was recommended. Appellant was seen by his treating physician again in May and June of 1983. In July 1983, the cardiac catheterization was performed and revealed a 90% obstruction of the mid-circumflex coronary artery, other arteries were fine. The doctor performing the catheterization noted: "I was certainly delighted to see no more extensive disease on Mr. Maggard and hopefully with control of risk factors, he can maintain his current status with control of pain by medical management."
 
 
 4
 In September 1983, his treating physician completed an evaluation form concerning appellant's ability to work. The evaluation revealed that: (1) the appellant could not perform his past work activity; (2) he could do sustained hand work while sitting six to eight hours; (3) he could do sustained clerical work standing six to eight hours; (4) he could not do sustained lifting and carrying during a work day of items weighing ten to twenty-five pounds; (5) he could drive a motor vehicle for six to eight hours; (6) he could not stand and work with hands and arms, operating hand and/or foot controls for six to eight hours; and (7) he could relate with co-workers and stand up to stress of engaging in productive work activity.
 
 
 5
 The appellant applied for disability insurance benefits on March 15, 1983. On October 25, 1983, a hearing was held before an administrative law judge who denied appellant's application. The ALJ noted that the mid-circumflex coronary artery is not one of those listed in 20 C.F.R. Part 404 Subpart P, App. 1, Sec. 4.04(B)(7). Thus, the ALJ, based on the evaluation form, used the grid (20 C.F.R. Part 404 Subpart P, App. 2, table No. 2, Rules 202.11 and 202.12) to determine that appellant was not disabled. The Appeals Council denied review of the ALJ's decision. Appellant then sought review in the federal district court, which assigned the case to a magistrate. The magistrate found there was substantial evidence to support the ALJ's findings, and the district court adopted the magistrate's findings and affirmed the decision of the ALJ.
 
 
 6
 The appellant argues that the decision of the ALJ was not supported by substantial evidence. On review, the decision of the Secretary, in this case embodied in the decision of the ALJ, is to be upheld if supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986). Findings of fact are conclusive if supported by substantial evidence. Id.
 
 
 7
 The ALJ found that, "the evidence does not document an impairment of incapacitating proportions that would produce pain of such intensity that ordinary physical activity would be impossible or contra indicated. Consequently, the administrative law judge does not find the claimant's allegation of disabling pain credible." Based on this finding, the ALJ concluded that appellant could perform the full range of light work.
 
 
 8
 Appellant argues that there was no evidence to suggest that he was not suffering from chest pain, and that the ALJ may not reject subjective complaints of pain solely because objective medical evidence does not fully support them.
 
 
 9
 The test for evaluating subjective pain complaints is as follows:
 
 
 10
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 11
 Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 853 (6th Cir.1986). The ALJ found that appellant did suffer from an underlying medical condition: severe coronary artery disease and mild chronic obstructive pulmonary disease. He found, however, that the medical evidence did not confirm the severity of the alleged pain. Statements by appellant's physician that the pain was controlled by medication support the ALJ's finding.
 
 
 12
 Appellant also argues that the ALJ's finding regarding appellant's ability to do the full range of light work is not supported by substantial evidence. However, the evaluation form filled out by appellant's physician supports the ALJ's determination. Although the doctor stated appellant could not perform his past work activity, he found appellant could do sustained hand work while sitting six to eight hours, do sustained clerical work while standing six to eight hours, and drive an automobile for six to eight hours. Light work is defined as follows:
 
 
 13
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
 
 
 14
 20 C.F.R. Sec. 404.1567(b). The physician's evaluation is fully consistent with the above definition. Thus, there was substantial evidence to support the ALJ's finding that appellant could perform the full range of light work.
 
 
 15
 Finally, the appellant contends that the ALJ should not have applied the grid found at 20 C.F.R. Part 404, Subpart P, App. 2, table No. 2, to the circumstances of appellant's claim. Rather, he argues that because his alleged disability results from pain and is thus a nonexertional limitation, the ALJ should not have applied the grid but should have taken the testimony of a vocational expert.
 
 
 16
 This court has spoken to this issue in Kimbrough v. Secretary of Health & Human Services, 801 F.2d 794, 796 (6th Cir.1986) (per curiam), wherein the claimant made the same argument that appellant makes here. This court stated:
 
 
 17
 Claimant argues that the ALJ improperly applied the grid in this case because pain is a nonexertional impairment, thereby precluding application of the grids. However, claimant misapprehends the significance of nonexertional impairments. In Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 528 (6th Cir.1981), it is only when "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level that nonexertional limitations must be taken into account and a nonguideline determination made." Therefore, the mere possibility of a nonexertional impairment is insufficient. Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level. In those cases upon which claimant relies to show the Secretary's erroneous use of grids, the claimant's nonexertional impairments were severe. Although the ALJ gave claimant the "benefit of the doubt" and found that he had "some degree of pain," he apparently found it not to be severe.
 
 
 18
 Id. (emphasis in original). The appellant has not shown that he is unable to perform the full range of work at the appropriate level. We conclude that the ALJ's finding that the claimant was able to perform the full range of light work is supported by substantial evidence. Therefore, the ALJ was correct in applying the grid to appellant's claim.
 
 
 19
 The decision of the Secretary, denying disability insurance benefits to appellant, was supported by substantial evidence. Further, the district court correctly applied the relevant law and regulations to the circumstances of this case. For these reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, United States District Judge for the Southern District of Ohio, sitting by designation