848 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. MARKWELL, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1320.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 The issue in this Social Security case is whether the Secretary's denial of the claimant's application for disability benefits was supported by substantial evidence. An administrative law judge denied benefits, but a magistrate recommended that benefits be awarded. The District Judge, however, rejected the magistrate's recommendation and denied Markwell's claim. We affirm.
 
 
 2
 On January 24, 1985, appellant John Markwell applied for disability insurance benefits. His application was denied both initially and upon reconsideration. At Markwell's request, an administrative hearing was held. On January 7, 1986, an administrative law judge (ALJ) decided that Markwell retained the ability to perform a significant number of jobs in the national economy and therefore was not disabled. Markwell then sought judicial review in the United States District Court for the Eastern District of Michigan. The appeal was initially referred to a magistrate, who recommended that benefits be awarded. The Secretary filed objections to the Magistrate's Report and Recommendation. On December 8, 1986, the District Court rejected the Magistrate's Report and Recommendation and issued an order granting summary judgment to the Secretary. This appeal followed.
 
 
 3
 From September 1963 until August 1984, appellant Markwell worked as a police officer, first for the Ypsilanti, Michigan police department and then, from 1966 on, for the Eastern Michigan University police department. He was laid off in 1984 after some of his coworkers complained about his hearing and eye problems.
 
 
 4
 At the administrative hearing, Markwell claimed that he suffered from hearing loss, hypertension, coronary problems, a corneal ulceration in his right eye, and depression. After reviewing the evidence, the ALJ found that Markwell did suffer from hearing loss, but the problem was helped substantially by the use of hearing aids. He had previously had a problem with an ear infection, but that problem was now under control. The medical evidence showed that Markwell's hypertension was controlled. Markwell claimed to have had a heart attack in July 1985, but no medical evidence of a heart attack was presented at the hearing. The ALJ found that Markwell's eye condition caused him discomfort, but the discomfort could be controlled with the use of medication and an eye patch. Markwell's vision in his right eye was found to be distorted. The only psychiatric evidence in the record was one doctor's opinion that Markwell suffered from no psychiatric disorder.
 
 
 5
 At the hearing, Markwell claimed that he had hand cramps and tremors that prevented him from writing. The only medical evidence was one doctor's statement that Markwell suffered from "writer's cramp" and that the affliction did not affect his ability to type. No hand tremors were observed by the ALJ.
 
 
 6
 On the basis of the medical evidence and the testimony of a vocational expert, the ALJ found that the claimant could perform a significant number of jobs in the national economy including semi-skilled clerical jobs and light security guard jobs.
 
 
 7
 Markwell submitted some additional medical evidence to the Appeals Council. This evidence showed that Markwell was hospitalized in 1985 for a cardiac cathaterization, which revealed left ventricular dysfunction of uncertain etiology and non-critical coronary artery disease.
 
 
 8
 The District Court found that the medical evidence established that Markwell suffered from several serious maladies, but that the ALJ's determination that Markwell could perform semi-skilled clerical work or light security guard work was supported by substantial evidence.
 
 
 9
 On appeal, Markwell argues that the combination of impairments he suffers from is enough to merit a finding that he is disabled. However, our role is merely to determine whether substantial evidence supported the Secretary's decision. In this case, the Secretary correctly considered both the Grid and other vocational evidence, see 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 200(e)(2); Kimbrough v. Secretary, 801 F.2d 794, 796 (6th Cir.1986). Although there was evidence of impairment, there was substantial evidence to support the Secretary's denial of benefits. Therefore, we affirm.