889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Saeed MOHSEN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 88-2065.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH,* District Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Saeed Mohsen appeals from the district court's judgment affirming the Secretary's denial of plaintiff's claim for social security disability benefits. He argues:
 
 
 2
 1) that substantial evidence does not support the Secretary's decision that plaintiff retains the residual functional capacity to perform a full range of sedentary work and,
 
 
 3
 2) that the Administrative Law Judge (ALJ) erred in applying the medical-vocational guidelines to determine whether plaintiff is disabled.
 
 
 4
 Because we conclude that substantial evidence supports the Secretary's decision and the medical-vocational guidelines were properly applied, we affirm.
 
 I.
 
 5
 Plaintiff was born in the Yemen Arab Republic in 1950. He completed approximately ten years of school in Yemen and emigrated to the United States in 1972. Plaintiff worked at Chrysler Corp. as an assembly worker from 1972 until April 1985.
 
 
 6
 In October 1985, plaintiff underwent arthriscopic surgery on his right knee. In March 1986, he filed a claim for disability benefits, asserting that he became disabled in April 1985 due to lower back and knee pain. Plaintiff's claim was denied initially, upon reconsideration, and by an ALJ after a hearing. The ALJ found that although plaintiff's impairments were severe and that he could not perform his past relevant work, he nevertheless retained the residual functional capacity to perform a full range of sedentary work and that under the medical-vocational guidelines ("grids") plaintiff was not disabled.
 
 
 7
 The ALJ's denial of benefits became the Secretary's final decision when the Appeals Council denied plaintiff's request for review. Plaintiff then brought this action for judicial review. The district court referred the case to a magistrate, who issued a report recommending that the Secretary's denial of disability benefits be affirmed. Plaintiff objected to the magistrate's report and the district court conducted a de novo review, after which it adopted the magistrate's report and recommendation and granted judgment for the Secretary. This appeal followed.
 
 II.
 
 8
 This court reviews the Secretary's denial of disability benefits under a substantial evidence standard. 42 U.S.C. Sec. 405(g). The Secretary's findings are conclusive if supported by substantial evidence. Murphy v. Secretary of Health & Human Services, 801 F2d 182, 184 (6th Cir.1986). Substantial evidence is such relevant evidence as a reasonable person would consider adequate to support a conclusion. Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 9
 A claimant bears the burden of establishing that he suffers a disability under the Social Security Act. Hurst v. Secretary of Health & Human Services, 753 F.2d 517, 518 (6th Cir.1985). The Act defines "disability" as an
 
 
 10
 inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....
 
 
 11
 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 12
 The social security regulations require a five-step sequential evaluation of a disability claim.
 
 
 13
 1. If the claimant is currently engaged in substantial gainful activity, the claimant will be found not disabled regardless of medical findings;
 
 
 14
 2. If the claimant does not have a severe impairment--one that significantly limits the ability to perform work-related functions--the claimant will be found not disabled based on the medical evidence alone;
 
 
 15
 3. If the claimant suffers from a severe impairment that meets or equals a listed impairment in Appendix 1, 20 C.F.R. Subpart P, Appendix I (1981), the claimant can be found to be disabled based on the medical evidence without consideration of vocational factors;
 
 
 16
 4. If the claimant can perform relevant past work then the claimant will be found not disabled;
 
 
 17
 5. If the claimant cannot perform past work, then the medical-vocational table is consulted wherein the claimant's residual functional capacity, that is, the level of work the claimant is able to perform (sedentary, light or medium) and the claimant's vocational factors--age, education and prior work experience--are considered to determine whether claimant can perform any other substantial gainful activity in the national economy. See 20 C.F.R Sec. 404.1520 (1981).
 
 
 18
 See Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 528 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). If the claimant is unable to perform his past relevant work, "the burden shifts to the Secretary to establish that the claimant retains the residual functional capacity to perform alternative substantial gainful work which exists in the national economy." Shelman v. Heckler, 821 F.2d 316, 320 (6th Cir.1987) (citations omitted).
 
 
 19
 In this case, the ALJ considered plaintiff's disability claim under the five-step framework and found that plaintiff was not engaging in substantial gainful activity, that his impairments were severe, that his impairments did not meet or equal a listed impairment, and that plaintiff could not perform his past relevant work as an assembly line worker. At the fifth step, however, the ALJ determined that plaintiff retains the residual functional capacity to perform a full range of sedentary work and, under Rule 201.23 of the grids, is not disabled.
 
 
 20
 Plaintiff first contends that in light of his back and knee pain the ALJ erred in determining that plaintiff retained the residual functional capacity to perform a full range of sedentary work. The social security regulations define sedentary work as work that
 
 
 21
 involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 22
 20 C.F.R. Sec. 404.1567(a).
 
 
 23
 "Determination of disability from pain is peculiarly within the province of the ALJ." Villarreal v. Secretary of Health & Human Services, 818 F.2d 461, 464 (6th Cir.1987). In evaluating claims of disabling pain, this court follows a two-prong test:
 
 
 24
 "First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain."
 
 
 25
 McCormick v. Secretary of Health & Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988) (quoting Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986)).
 
 
 26
 The Secretary concedes that plaintiff satisfies the first prong of the Duncan test--objective evidence of an underlying medical condition--due to his knee injury, but argues, correctly, we think, that substantial evidence supports the ALJ's determination that plaintiff's pain was not disabling. In post-operative examinations, plaintiff's treating physician, Dr. Shurmur, consistently noted that plaintiff had full range of motion in his right knee and that there was no swelling in the joint. In May 1986, a consultative physician, Dr. Baig, noted tenderness on the medial aspect of the knee, but observed that there was no swelling, heat, or redness.[1]
 
 
 27
 With regard to plaintiff's claimed back pain, the only record evidence of a back impairment is a 1981 report of Dr. Portugal who noted only "moderate osteoporosis and hypertrophic lipping." Based on his 1986 examination of plaintiff, Dr. Baig found: "[T]here is no evidence of any deformities or loss of curvature [of the spine]. Palpatation of the spine reveals no tender nodules. The patient does complain of tenderness in the mid lower back. No muscle spasm and no deformities noted."
 
 
 28
 The ALJ could also have relied upon plaintiff's testimony that he can walk up to half a mile, that he visits people, drives, goes shopping, and eats in restaurants every day. In addition, it was proper for the ALJ to determine that plaintiff's testimony as to pain was not credible. See Villarreal, 818 F.2d at 463 in which we stated that " 'tolerance of pain is a highly individual matter and a determination of disability based on pain by necessity depends largely on the credibility of the claimant.' ".
 
 
 29
 We find the Secretary's determination that plaintiff retained the residual functional capacity to perform a full range of sedentary work is supported by substantial evidence.
 
 
 30
 Plaintiff also contends that the ALJ erred in applying the medical-vocational guidelines because plaintiff has nonexertional limitations[2]--breathing difficulties and postural limitations due to back and knee pain. When a "nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a non-guideline determination made." Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 528-29 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); see also 20 C.F.R. Subpart P, Appendix II, Sec. 200.00(e)(2). Such a "non-guideline determination" is required where the claimant shows "an impairment that significantly limits his ability to do a full range of work at a designated level." Kimbrough v. Secretary of Health & Human Services, 801 F.2d 794, 796 (6th Cir.1986).
 
 
 31
 In this case, plaintiff cannot show that his claimed nonexertional limitations "significantly limit[ ] his ability to do a full range of [sedentary] work." For the reasons discussed above, objective medical evidence does not support plaintiff's claim that he has significant postural limitations due to knee or back pain. The record is devoid of evidence of any lung impairment or environmental restrictions due to breathing difficulties.
 
 
 32
 Because substantial evidence supports the ALJ's determination that plaintiff's claimed nonexertional limitations do not significantly limit his ability to do a full range of sedentary work, we must reject plaintiff's challenge to the ALJ's application of the medical-vocational guidelines.
 
 
 33
 For the reasons indicated, we AFFIRM.
 
 
 
 *
 The Honorable Ronald E. Meredith, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Dr. Baig concluded that plaintiff's prognosis was poor, but this was based on Dr. Baig's mistaken belief that plaintiff had been unable to work on a regular basis for ten years
 
 
 [2]
 Nonexertional limitations "encompass mental, sensory, or environmental limitations." Cole v. Secretary of Health & Human Services, 820 F.2d 768, 772 (6th Cir.1987)