930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vickie BENNETT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-5976.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Vickie Bennett appeals the district court's judgment that affirmed the denial of her application for supplemental security income under 42 U.S.C. Sec. 1382. Her case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Bennett alleged that she became disabled in 1985 due to rheumatoid arthritis, heart disease, a ruptured disc, chronic back pain, left calf atrophy, bronchial asthma, hypothyroidism, and a peptic ulcer. An administrative law judge (ALJ) issued an opinion that denied Bennett's claim. This opinion became the final decision of the Secretary on November 30, 1988, when the Appeals Council denied Bennett's request for further review. Bennett filed a complaint in federal district court, and a magistrate subsequently recommended that the Secretary's motion for summary judgment be granted. On May 22, 1990, the district court adopted the magistrate's recommendation and dismissed the case. It is from this judgment that Bennett now appeals.
 
 
 4
 The standard of review that applies to Bennett's case was articulated by this court in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Id. at 681 (citations omitted).
 
 
 7
 Bennett argues that her nonexertional impairments prevent her from performing a full range of sedentary work. As the ALJ found that Bennett could not perform her past work, the Secretary had the burden of going forward with evidence that she could perform other work that existed in significant numbers in the national economy. The ALJ found that the Secretary had met this burden by reference to the medical vocational-guidelines ("the grids") that are found at 20 C.F.R. Part 404, Subpart P, Appendix 2. Bennett argues that the testimony of a vocational expert was needed to meet the Secretary's burden because her residual functional capacity was limited by nonexertional impairments.
 
 
 8
 Bennett testified that pain in her back and leg prevented her from standing or sitting for any length of time and that, when needed, she takes pain medication containing codeine up to four times a day. There is also medical evidence which indicates that her left leg is atrophied, possibly as a result of a childhood injury. However, a medical report by a consultative physician indicates that Bennett's exertional impairments do not prevent her from performing sedentary work. Dr. Wilburn summarized Bennett's functional capacity as follows:
 
 
 9
 Patient would do better at a job which is primarily sitting. She could be up and around some although this should be restricted to a maximum of three to four hours a day combined standing and walking. She should be on a 35-40 pound lifting restricting (sic) with no repetitive lifting or bending. Repetitive use of the left leg is not possible.
 
 
 10
 This summary clearly falls within the definition of sedentary work. Cf. 20 C.F.R. Sec. 416.967(a). It is sufficient to support the ALJ's finding with regard to Bennett's exertional limitations.
 
 
 11
 Reference to the grids clearly indicates the existence of a significant number of sedentary jobs for someone of Bennett's age, education and experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.24. Therefore, Bennett retained the burden of persuading the ALJ that the testimony of a vocational expert was necessary because her non-exertional impairments were so severe that she could not perform a full range of sedentary work. See Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 796 (6th Cir.1986) (per curiam).
 
 
 12
 Claimant argues that the ALJ improperly applied the grid in this case because pain is a nonexertional impairment, thereby precluding application of the grids. However, claimant misapprehends the significance of nonexertional impairments. In Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528 (6th Cir.1981), it is only when "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level that nonexertional limitations must be taken into account and a nonguideline determination made." Therefore, the mere possibility of a nonexertional impairment is insufficient. Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level.
 
 
 13
 Id. (emphasis in the original).
 
 
 14
 The ALJ found that Bennett's testimony regarding pain and shortness of breath was credible but not to the extent that her ability to perform sedentary work was significantly limited. Dr. Wilburn's report provides substantial evidence in support of the ALJ's finding regarding pain. Cf. Kimbrough, 801 F.2d at 796-97. The ALJ properly credited Dr. Wilburn's report over Bennett's testimony because the report was based on objective medical evidence. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853-54 (6th Cir.1986).
 
 
 15
 Dr. Wilburn's report does not include an evaluation of Bennett's respiratory impairment. However, a letter from Bennett's treating physician, Dr. Khatri, indicates that Bennett was subject to the following environmental restrictions: temperature extremes, dust, fumes and humidity. The ALJ considered Dr. Khatri's evaluation and concluded that Bennett's asthma could be controlled with medication. This conclusion is consistent with Dr. Khatri's limited findings. Moreover, there is no clinical evidence in the record which indicates that Bennett's residual functional capacity is limited by environmental conditions. Cf. Crady v. Secretary of Health and Human Services, 835 F.2d 617, 622 (6th Cir.1987) (per curiam).
 
 
 16
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation