947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karl HAWKE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3376.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1991.
 
 1
 Before RALPH B. GUY, JR., Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Karl Hawke appeals a judgment affirming the Secretary's denial of his application for social security disability benefits. The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both of the parties have expressly waived oral argument in this case.
 
 
 3
 Hawke alleged that he became disabled on February 8, 1987, due to malabsorption and an intestinal disorder. An administrative law judge ("ALJ") determined that Hawke was not disabled because a significant number of light jobs were available to him despite his impairments. The ALJ's opinion became the final decision of the Secretary on October 10, 1989, when the appeals council denied Hawke's request for further review. On March 26, 1991, the district court entered a judgment in favor of the Secretary. It is from this judgment that Hawke now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 In the instant case, the ALJ found that Hawke's impairments were severe, but he also found that they did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also found that Hawke was unable to perform his past work. These findings are not in dispute. However, the ALJ then went on to find that Hawke retained the ability to perform light work and that a significant number of jobs were still available to him considering his age, education and work experience. Thus, the ALJ determined that Hawke was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, App. 2, Rules 202.20 and 202.21.
 
 
 7
 On appeal, Hawke argues that both of his treating physicians stated that he was totally disabled. In a report dated March 4, 1988, Dr. Esch diagnosed Hawke as having "(o)steodystrophy secondary to gluten enteropathy." On June 30, 1988, Dr. Esch reported that Hawke had responded poorly to treatment, and that he "cannot have substantial gainful employment." On July 5, 1988, Dr. Geraci noted that Hawke probably had "celiac sprue which has caused him to be disabled." He stated that Hawke was "malnourished and physically unable to do any work." On January 3, 1989, Dr. Esch reported that Hawke's "disease has not responded to a gluten-free diet as most do." He concluded his note as follows:
 
 
 8
 It is my opinion at this time, because of lack of response to normal treatment, that his malabsorption and gluten enteropathy make him unable to perform substantial gainful employment. Unfortunately, it is indeterminate if this may change in the future and it is not likely to do so over the near future.
 
 
 9
 The ALJ apparently relied on the report of a consulting physician, Dr. Davies, to discount these opinions. Dr. Davies's analysis is set out in full below:
 
 MEDICAL ANALYSIS
 
 10
 Non-tropical or celiac sprue. Sept. 1985 Ht. 66" Wt. 117 lb.
 
 
 11
 Abnormal D-Xylose absorption test. Endoscopy--diffuse inflam. of stomach & duodenum. Biopsy--chronic inflam.
 
 
 12
 Exam 10/9/87--weight 126 1/2 lb. This is above values in 5.08 tables.
 
 
 13
 Need lab findings in 1987 such as Serum albumin, hematocrit, serum calcium, stool fat, stool nitrogen. If lab values are persistently abnormal, the RFC is medium and if the lab values meet listing criteria, the RFC is light.
 
 
 14
 This report does not provide substantial evidence to support the Secretary's finding that Hawke can perform a full range of light work. Instead of evaluating the test results himself, Dr. Davies opined that Hawke could do light work if the test results fell within the listings. This prediction is anomalous to the regulations, which require a finding of disability if a claimant's condition meets or equals a listed impairment. 20 C.F.R. § 404.1520(d).
 
 
 15
 Hawke's testimony indicates that he cannot perform the exertional requirements of light work. This testimony is not effectively contradicted by any of the medical evidence in the record. Moreover, the reports of Hawke's treating physicians, which repeatedly state that he is unable to perform any work, tend to support a conclusion that he cannot perform the exertional requirements of light work. The Secretary is not bound by a treating physician's opinion if it is not based on objective testing. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988). In the instant case, however, Drs. Esch and Geraci have tested Hawke extensively over a protracted period of time. Their findings are entitled to substantial deference in comparison to that of a consulting physician who has apparently never examined the claimant. See Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir.1983).
 
 
 16
 Hawke also testified that he suffered from persistent diarrhea, weakness, bone pain and lapses in concentration. This testimony is not contradicted by the consulting report of Dr. Davies, and it is again generally corroborated by the reports of Hawke's treating physicians. Once a claimant demonstrates that he cannot perform his past work, the burden shifts to the Secretary to show that there are a significant number of other jobs available to him. Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989). The Secretary may not rely on the grids to meet this burden when the evidence shows that a claimant has nonexertional impairments that preclude performance of a full range of work at a given level. Abbott v. Sullivan, 905 F.2d 918, 926-27 (6th Cir.1990). Thus, while it may ultimately be determined that Hawke is not disabled, the case must be remanded for further proceedings because the Secretary has not established the availability of a significant number of jobs in light of Hawke's nonexertional impairments. See Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987) However, an order awarding benefits will not be entered at this time because Hawke has not come forward with any medical evidence that specifically describes his residual functional capacity or the vocational restrictions that may attend his alleged nonexertional impairments. See Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 796 (6th Cir.1986) (per curiam).
 
 
 17
 Accordingly, the judgment of the district court is vacated and the case remanded to the district court with directions to remand to the Secretary for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation