953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harvey KINNEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1752.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1992.
 
 E.D.Mich., No. 89-73767; Cohn, D.J.
 E.D.Mich.
 AFFIRMED.
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Harvey Kinney appeals a judgment affirming the Secretary's denial of his application for social security disability benefits. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Kinney alleged that he was disabled due to back pain and Crohn's disease. An Administrative Law Judge (ALJ) found that Kinney was not disabled because a significant number of jobs were still available to him. The ALJ's opinion became the final decision of the Secretary on May 19, 1989, when the Appeals Council denied further review. On June 12, 1991, the district court rejected a magistrate's recommendation and granted the Secretary's motion for summary judgment. The court found that expert vocational testimony was not required because Kinney's impairments did not prevent him from performing a wide range of sedentary work. It is from this judgment that Kinney now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 The ALJ found that Kinney could not perform his past work. He also found that Kinney's impairments did not meet or equal any of the listings in Appendix 1 to the regulations. These findings are not in dispute. However, the ALJ then went on to find that Kinney retained the ability "to perform a very wide range of sedentary work." Thus, the ALJ determined that Kinney was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, App. 2.
 
 
 6
 As Kinney cannot perform his past work, the Secretary was required to show that a significant number of other jobs are available to him. Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989). In this regard, the record indicates that Kinney can perform the exertional demands of sedentary work. In particular, a letter by Kinney's treating orthopedist, Dr. Kreis, sets Kinney's lifting restriction at about ten pounds and states that he can stand, walk and sit for up to two hours at a time.
 
 
 7
 Nevertheless, Kinney argues that his nonexertional impairments preclude a finding of disability based solely on the grids. Cf. Abbott v. Sullivan, 905 F.2d 918, 926-27 (6th Cir.1990). He argues that vocational testimony was needed to determine the effect of Crohn's disease on his ability to perform even sedentary work. However, Kinney retained the burden of producing medical evidence which demonstrated that he could not perform a full range of sedentary work. See Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 796 (6th Cir.1986) (per curiam).
 
 
 8
 (I)t is only when "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level that nonexertional limitations must be taken into account and a nonguideline determination made." Therefore, the mere possibility of a nonexertional impairment is insufficient. Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level.
 
 
 9
 Id. (emphasis in the original) (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983)).
 
 
 10
 The ALJ considered Kinney's nonexertional impairments and found that he could still perform a wide range of sedentary work. This finding is consistent with the functional restrictions that were suggested by the physician who treated Kinney for Crohn's disease. Dr. Akhtar stated that Kinney should avoid "working in an unusually stressful environment, employment requiring excessive physical strength and working overtime, such as beyond a normal eight hour day." These restrictions would not preclude the exertional demands of sedentary work. Moreover, vocational testimony is generally not needed to show the existence of a large number of non-stressful jobs. The ALJ's finding is also supported by Kinney's description of his activities and by his history of performing heavy work while he had Crohn's disease.
 
 
 11
 Kinney did not demonstrate that his ability to work had been significantly compromised by his nonexertional impairments. Thus, the Secretary was able to show the availability of a significant number of jobs by reference to the grids. The presumptions contained in the grids provide substantial support for the Secretary's ultimate determination that Kinney was not disabled.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.