985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George PORZONDEK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1333.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 George Porzondek appeals a district court judgment which affirmed the Secretary's denial of his applications for social security disability benefits and supplemental security income. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 3
 Porzondek alleged that he became disabled due to back pain, arthritis and emphysema. An administrative law judge ("ALJ") found that Porzondek was not disabled because a significant number of light jobs were available to him. This opinion became the final decision of the Secretary on November 16, 1990, when the Appeals Council declined further review. Porzondek attempted to submit additional medical evidence but the Council refused to reopen his case. On January 14, 1992, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the Secretary. It is from this judgment that Porzondek now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 The ALJ found that Porzondek could not perform his past work because of degenerative joint disease and mild emphysema. Once a claimant demonstrates that he cannot perform his past work, the burden shifts to the Secretary to show the availability of a significant number of other jobs. Born v. Secretary of HHS, 923 F.2d 1168, 1173 (6th Cir.1990). "At this point, the Secretary bears the burden of demonstrating that, notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir.1990). In the instant case, the ALJ found that Porzondek's allegations of disabling pain were not credible and that he was still able to perform a significant number of light jobs. Thus, the ALJ determined that Porzondek was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.14.
 
 
 7
 Porzondek argues that the ALJ failed to give adequate consideration to the nonexertional limitations that he suffers because of his emphysema. The Secretary may not rely exclusively on the grids if a claimant has a nonexertional impairment which limits his ability to perform a wide range of work at a given level. Id. at 926-27. However, Porzondek has not met his burden of showing that his breathing problems precluded a wide range of work. See Kimbrough v. Secretary of HHS, 801 F.2d 794, 796 (6th Cir.1986) (per curiam). Porzondek's chest was generally "clear" upon examination and the only x-ray report in the record described his emphysema as mild. Moreover, Porzondek's testimony indicates that his pulmonary condition is generally controlled with an inhaler.
 
 
 8
 Porzondek also argues that the ALJ erred by finding that his allegations of disabling pain were not credible. Credibility determinations regarding a claimant's subjective complaints of pain normally rest with the ALJ. Blacha v. Secretary of HHS, 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam). In the present case, the ALJ credited Porzondek's testimony to the extent that he found that Porzondek could no longer perform medium work, but he also found that Porzondek could still perform light work. There is not substantial evidence in the record to support this distinction.
 
 
 9
 Porzondek testified that he could not lift anything and that he could only sit for a half hour to an hour and stand for 10 minutes to an hour. He also testified that he no longer drives. This testimony is inconsistent with the exertional requirements of light work. It appears that the ALJ discredited this testimony because Porzondek indicated in a disability report that he cooks, cleans and does minor repairs when he is able. However, when read in context, the activities briefly referenced in the report do not provide substantial evidence for the ALJ's findings that Porzondek's testimony was not credible and that he retained the residual functional capacity to perform the physical demands of light work.
 
 
 10
 The medical evidence of record is simply inadequate to form a basis for the ALJ's finding regarding Porzondek's residual functional capacity. There is no clear indication that Porzondek can perform any of the exertional requirements of light work. The medical record provides some objective evidence of a medical condition that could result in disabling pain. However, the record is not sufficiently developed as to the continued severity of that condition. Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir.1986). The record does not expressly describe Porzondek's residual functional capacity, nor does it provide any significant direct evidence regarding his flexibility or strength. The Secretary could have ordered consultative reports or sought the advice of a medical examiner at Porzondek's administrative hearing. These actions are discretionary, but the Secretary's failure to exercise that discretion in the present case has resulted in a failure to meet his burden of proof. A remand is authorized under these circumstances by the fourth sentence of 42 U.S.C. § 405(g). See Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990).
 
 
 11
 Porzondek argues that the Appeals Council should have remanded the case to the ALJ for consideration of new evidence when the Council had already declined further review in his case. We need not reach this argument because the case will be remanded for further proceedings on Porzondek's residual functional capacity. However, it is noted that the courts may not review the Council's decision not to reopen an earlier application for benefits in the absence of a constitutional challenge. See Blacha, 927 F.2d at 231.
 
 
 12
 Accordingly, the district court's judgment is vacated and Porzondek's case is remanded, with directions to remand the case to the Secretary for development and clarification of the record. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation