923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilma L. DeWEESE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3498.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1991.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Wilma DeWeese appeals the magistrate's decision upholding the Secretary of Health and Human Service's denial of social security benefits. On appeal, we must decide:
 
 
 2
 Whether the Secretary used the proper legal criteria and whether substantial evidence supports the Secretary's decision denying disability benefits.
 
 
 3
 We conclude that the magistrate's decision should be affirmed because the Secretary applied the correct legal criteria and substantial evidence supported his decision.
 
 I.
 
 4
 Wilma DeWeese, who was fifty-two at the time of the Administrative Law Judge's (ALJ) decision and has an eighth grade education, claims disability due to an arm injury. Prior to this injury, DeWeese worked as a clothes presser and dry cleaner.
 
 
 5
 DeWeese claims her disability began on September 16, 1982 when she was admitted to Barberton Citizen Hospital complaining of right arm, elbow, and back pain following a fall. Dr. George Hunter twice performed surgery to reduce the posterior dislocation of the elbow. Dr. Hunter also suggested physical therapy which DeWeese pursued. These measures relieved some of the pain but still did not restore full use of the arm.
 
 
 6
 DeWeese filed an application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. Sec. 301 et seq., on September 29, 1982, alleging that she had been unable to work since her fall on September 16, 1982. Her application was denied initially and upon reconsideration.
 
 
 7
 The ALJ, who conducted a hearing on May 5, 1987, likewise denied the claim. At the hearing, DeWeese testified that although she had always been right hand dominant, she now has 'limited use of her right arm and hand and cannot use her right hand to write, pick up objects, or open doors. She also has trouble dressing herself, eating, and cleaning the house because of the pain and dysfunction of her right hand. She is able to drive an automobile occasionally, watch television, and listen to the radio. She takes one to two Darvocet and six to nine Tylenol each day for the pain.
 
 
 8
 The ALJ also considered evidence submitted by DeWeese's doctors. Dr. Hunter, who had been treating DeWeese for her arm injury, wrote a letter in August 1984 to the Ohio Bureau of Disability Determination stating that based on her poor progress DeWeese was under a permanent partial disability during her course of recovery and would be unlikely to benefit further from physical therapy or medical treatment. Dr. Hunter updated his opinion in an April 1987 letter to DeWeese's attorney in which Dr. Hunter stated that he had last examined DeWeese in March 1987 and that her condition was unchanged; he opined that her impaired right arm prevented her from performing substantial gainful activity. The ALJ also considered a January 1987 examination conducted by Dr. Shah at the request of the Ohio Bureau of Disability Determination. Dr. Shah concluded that DeWeese had a partial permanent disability since her surgery in 1982 based on her continued inability to grasp and manipulate with her right hand.
 
 
 9
 The ALJ found that DeWeese's limited right elbow extension impaired her ability to perform basic work activities and constituted a "severe impairment" but that she could perform "light work." Interrogatories to a vocational expert (VE) indicated that a person of DeWeese's age, education and work experience who could not lift, carry, or make a fist with her right hand could perform the job of commercial cleaner. The VE stated that 6,000 such jobs existed in northeast Ohio.
 
 
 10
 The Appeals Council remanded the case to the ALJ for further vocational expert testimony. A supplemental hearing was held on November 17, 1988, and once again the ALJ found that DeWeese was not disabled. At the hearing, the ALJ asked the VE a hypothetical question about the possible work available for a claimant of DeWeese's age with an eighth grade education, semi-skilled past work and no transferable skills, and who had the residual functional capacity to perform the requirements of light work, except for lifting weight in excess of twenty pounds and frequently lifting and carrying weight in excess of ten pounds, standing for more than six hours in an eight hour work day or making a fist, performing fine manipulation or performing rapid repetitive movements with the right hand. The VE identified four jobs that such a person could perform: school crossing guard, school bus monitor, surveillance system monitor and usher. The ALJ concluded that a significant number of jobs which she could perform existed in the regional and national economies and thus DeWeese was not entitled to disability benefits. This became the Secretary's final decision on November 7, 1989.
 
 
 11
 On November 29, 1989, DeWeese filed for judicial review under 42 U.S.C. Sec. 405(g). The parties consented to have the matter heard by a magistrate who granted the defendant Secretary's motion for summary judgment.
 
 II.
 A. Standard of Review
 
 12
 Findings of fact by the Secretary must be accepted by reviewing courts as conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In deciding whether substantial evidence supports the Secretary's findings, the court must evaluate the record as a whole. Garner v. Heckler, 745 F.2d 383 (6th Cir.1984). If the record as a whole shows substantial evidence supports the Secretary's decision, the decision must be affirmed regardless of whether some evidence also supports the plaintiff's claim, Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453, n. 4 (6th Cir.1986), and regardless of whether the court, as trier of fact, would have decided the case differently. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir.1981).
 
 
 13
 B. Legal Criteria and Substantiality of the Evidence
 
 
 14
 The Secretary must utilize a five-step process in deciding disability claims. In this case, only the Secretary's determination of the fifth step is disputed: "[i]f an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed." 20 C.F.R. Sec. 404.1520(f). The Secretary found that although DeWeese could not perform her previous job as a dry cleaner, her residual functional capacity, based on the medical and vocational evidence, as well as DeWeese's testimony as to her daily activities and medication, allowed her to perform sedentary or light work.
 
 
 15
 DeWeese alleges that the ALJ should have found her disabled due to the constant pain in her right arm. She argues that her testimony regarding the disabling pain formed a sufficient basis for such a finding. She also challenges the hypothetical that the ALJ posed to the VE and the VE's response.
 
 
 16
 Although DeWeese testified that she was disabled because of the pain in her right arm, substantial evidence supports the ALJ's conclusion that DeWeese was not disabled under the Act because DeWeese's testimony did not survive the two-part test for claims of disabling pain. Under this test, a claimant must show that objective medical evidence supports an underlying medical condition and confirms the severity of the pain alleged. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988). Both Dr. Shah and Dr. Hunter found that DeWeese retained significant motion in her right hand and arm. Moreover, her doctors only prescribed Darvocet, a drug for mild or moderate pain. See Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 797 (6th Cir.1986). Consistent with these medical findings, DeWeese regularly performed many household tasks such as cleaning, cooking, and lifting with her right hand as a brace. The activities she could perform, taken together with the medical evidence, indicate that the pain is not so constant and discomforting as to be disabling. See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 921 (6th Cir.1987).
 
 
 17
 DeWeese's testimony to the contrary does not invalidate the ALJ's finding: credibility determinations regarding allegations of pain are within the domain of the ALJ who observes the witness' demeanor. Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1984); Weaver v. Secretary of Health and Human Services, 722 F.2d 310 (6th Cir.1983). We will not disturb these findings as long as the ALJ explains his reasons for rejecting the claimant's allegations and does not rely solely on his credibility determinations. Houston, 736 F.2d 365. The ALJ here clearly fulfilled this obligation by explaining his reliance on the medical evidence and DeWeese's activities.
 
 
 18
 DeWeese also argues that substantial evidence does not support the ALJ's conclusion that DeWeese could work as a school bus monitor, school crossing guard, usher or surveillance monitor as the question to the VE and the VE's response did not include her allegations of constant pain and her inability to work with people. An ALJ's hypothetical, however, need not include unsupported claims and thus the ALJ properly excluded her allegations of constant pain. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987).
 
 
 19
 To the extent that DeWeese suffered occasional throbbing pain, the limits the ALJ put on her ability to lift, grip, and grasp take this pain into account as did the questions DeWeese's attorney asked on cross-examination. DeWeese also contends that she cannot perform any of the jobs listed by the VE. She alleges that she is incapable of performing the first three jobs because she cannot work with people; this disability, however, is not documented in the record nor was it even alleged until the supplemental hearing, long after DeWeese applied for benefits. She claims that she cannot work as a surveillance monitor because she cannot write. Because DeWeese did not make this argument to the magistrate, however, we will not consider it now. The availability of jobs that exist throughout the regional and national economy supply the substantial evidence necessary to show that DeWeese is not disabled.
 
 III.
 
 20
 Because substantial evidence supports the Secretary's decision, we AFFIRM the magistrate's decision denying DeWeese social security benefits.