944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antonio CHILLO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3065.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Antonio Chillo appeals a judgment affirming the Secretary's denial of his application for social security disability benefits and supplemental security income. 42 U.S.C. §§ 401 and 1381. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 3
 Chillo alleged that he was disabled due to pain in his back, leg, arm and neck. An administrative law judge (ALJ) denied Chillo's claim, and the ALJ's opinion became the final decision of the Secretary when it was affirmed by the appeals council on February 17, 1989. On December 20, 1990, the district court adopted a magistrate's recommendation and entered a judgment for the Secretary. It is from this judgment that Chillo now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 The ALJ found that Chillo had been diagnosed as having degenerative arthritis as well as thoracic outlet syndrome and that Chillo was unable to perform any of his past work. However, the ALJ also found that Chillo retained the ability to perform a full range of light work. Thus, the ALJ determined that Chillo was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, App. 2. Chillo retained the burden of demonstrating that the grids were inconclusive because he was medically unable to perform a full range of light work. See Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 796 (6th Cir.1986) (per curiam).
 
 
 7
 Chillo's chiropractor prepared a report which indicates that Chillo is limited to performing sedentary work. Chillo argues that this assessment is entitled to substantial deference; however, the deference given a treating practitioner's report depends on whether it is supported by sufficient medical data. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). Moreover, the Secretary is not bound to give credence to the opinion of a chiropractor if it is inconsistent with other medical evidence in the record. Bradford v. Secretary of Dep't of Health and Human Services, 803 F.2d 871, 873 (6th Cir.1986) (per curiam).
 
 
 8
 Chillo alleged that he could not perform a wide range of light work because of severe pain. This court applies a two-part test in evaluating a claimant's allegation of disabling pain.
 
 
 9
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 10
 Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 11
 The medical evidence in the record indicates that Chillo's allegations of pain are not sufficient to meet this test. The strongest evidence in support of the Secretary's position is found in the report of Dr. Dean, which is set out in pertinent part below.
 
 
 12
 On physical examination, range of motion reveals normal range of motion in the cervical spine, shoulders, elbows, wrists, hips, knees and ankle range of motion is to neutral bilaterally. Hip range of motion reveals 70 degrees of internal rotation and 45 degrees of external rotation bilaterally and symmetrically. His shoulder is most tender in the area of the bicipital groove, and the entire capsule, and he has pain complaints with all resisted motions. On hip examination, he has pain with both internal and external rotation. He states he has tenderness over the medial and lateral right knee joint lines, but there is no evidence of excess ligamentous laxity with medial and lateral motions, and anterior and posterior drawer signs. Neurologic examination including deep tendon reflexes, manual muscle testing and sensory examination is normal with the exception of some confusion over graphesthesia in the hands bilaterally. Mental status examination reveals orientation to August, 1987, but the patient states that he does not know the day or date. He is able to retain 1/3 objects at ten minutes with cueing for that object. The patient is able to come within five inches of touching the floor with forward flexion at the hips. He is able to extend the lumbosacral spine, and perform lateral rotation and lateral bending. His straight leg raises in the sitting position are unremarkable, however, in the lying position, are fairly marked for buttock and low back pain on the right side.
 
 
 13
 With cerebellar testing, heel to shin is intact with marked pain behaviors, and there are no complaints with finger to nose testing with the upper extremity, although pain complaints with the right upper extremity were quite marked earlier in the examination.
 
 
 14
 On the whole, the medical reports fail to show an orthopedic or neurologic condition that would reasonably give rise to pain which was so severe that it would prevent Chillo from performing a wide range of light work. See Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 856 (6th Cir.1990) (per curiam). Therefore, the record provides substantial evidence to support the Secretary's determination that Chillo was not disabled.
 
 
 15
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation