36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee Roy MOORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3103.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1994.
 
 N.D.Ohio, No. 92-01432; Sam H. Bell, District Judge.
 N.D.Ohio
 AFFIRMED.
 Before: BROWN, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Lee Roy Moore appeals from a district court judgment that affirmed the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Moore alleged that he became disabled in 1988, due to injuries that he sustained in an automobile accident, and that he continues to experience severe pain and intermittent numbness throughout his body. An administrative law judge ("ALJ") found that Moore had severe cervical and lumbar sprain or myofascitis and that he could no longer perform his past work. However, the ALJ also found that Moore's condition did not meet or equal any of the impairments that are listed in Appendix 1 to the regulations and that Moore could still perform a full range of light work. Thus, the ALJ found that Moore was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpt. P, App. 2, Rules 202.17 and 202.18. The ALJ's opinion became the final decision of the Secretary on May 15, 1992, when the Appeals Council declined further review. On November 23, 1993, the District Court adopted a magistrate judge's recommendation and granted the Secretary's motion for summary judgment. It is from this judgment that Moore now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989).
 
 
 5
 Moore argues that he is disabled because his condition is equivalent to the impairment that is described at 20 C.F.R. Part 404, App. 1, Sec. 1.05(C). He relies on the reports of his treating physician, Dr. Manthey, who diagnosed him as having a ruptured lumbar disc. Dr. Manthey completed a questionnaire which indicated that Moore had a vertebrogenic disorder based on the loss of spinal curvature, a C-T lumbar scan, a straight leg raising test and radicular pain to the right leg. He also indicated that this condition could be expected to last for 12 months. Finally, Dr. Manthey indicated that Moore experienced pain, muscle spasm, limited motion, radicular motor loss, weakness, sensory loss and reflex loss. Thus, Dr. Manthey's reports do indicate that Moore's condition met or equaled the impairment that is described in Sec. 1.05(C).
 
 
 6
 A treating physician's opinion is afforded more weight than the opinion of a consultant, but the ultimate determination regarding disability remains with the Secretary, and the Secretary is not bound by a treating physician's opinion if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). In the present case, Dr. Manthey's opinion is contradicted by two consulting physicians. Dr. Morgan noted Moore's pain, but he also reported normal results from muscle testing and sensory examination and a normal range of motion of the neck and upper extremities. He also reported that Moore could bear weight on his toes and heels, squat and do tandem walking. Dr. Morgan diagnosed Moore as having myofascial pain syndrome and fibrositis. Dr. Rist also noted Moore's complaints of pain and the limited range of motion of his spine. However, he reported that Moore had a normal heel-toe gait and that there were no abnormal reflexes or sensory changes. Dr. Rist diagnosed Moore as having chronic cervical and lumbar sprain or myofascitis. Thus, while Dr. Manthey's reports indicate that Moore may have had a vertebrogenic disorder within the meaning of Sec. 1.05(C), this opinion is contradicted by Drs. Morgan and Rist. It is also contradicted by all of the x-ray and C-T scan test results that appear in the record. Hence, there was substantial evidence to support the ALJ's findings that Dr. Manthey's opinion was not entitled to conclusive weight and that Moore's condition did not meet the criteria of Sec. 1.05(C). See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 230 (6th Cir.1990) (per curiam).
 
 
 7
 Moore argues that the ALJ erred by finding that his complaints of disabling back pain were not credible. An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). In the present case, Moore's allegations of disabling pain were contradicted by Dr. Rist. Thus, the ALJ did not err by finding that Moore was not completely credible. See Blacha, 927 F.2d at 231.
 
 
 8
 Since Moore could not perform his past work, the Secretary was required to show that a significant number of other jobs are available to the him despite his impairments. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). Moore now argues that the ALJ erred by finding that he retained the ability to perform a full range of light work. Moore has waived appellate review of this claim by failing to raise it in his objections to the magistrate's report. See Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). Nevertheless, we note that Dr. Rist's report provides substantial evidence to support the ALJ's finding that Moore could still perform the exertional demands of light work.
 
 
 9
 The ALJ found that a significant number of light jobs were still available to Moore by relying directly on Rules 202.17 and 202.18 of the grids. Moore now argues he has a non-exertional impairment that precludes exclusive reliance on the grids because his pain limits his ability to bend his back. However, Moore retained the burden of showing that his non-exertional impairments were so severe that he could not perform a wide range of light work. See Kimbrough v. Secretary of Health and Human Servs., 801 F.2d 794, 796 (6th Cir.1986) (per curiam). Moore has not met this burden here. Moreover, Dr. Rist's report indicates that Moore's back pain would not restrict his ability to perform a wide range of light work. Therefore, the grids provide substantial evidence to support the Secretary's ultimate finding that Moore is not disabled because a significant number of other jobs are still available to him.
 
 
 10
 Moore also argues that reliance on the grids was inappropriate because they do not indicate that a significant number of available jobs exist either in the region where he lives or in several other regions of the country. However, when applicable, the grids direct a finding of disability, even though they are based on assumptions drawn from the national economy. See Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 530-31 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 11
 Accordingly, the district court's judgment is affirmed.