64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. WINSTON, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6295.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: LIVELY, MARTIN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Winston appeals a summary judgment affirming the Secretary's denial of disability and supplemental security income (SSI) benefits under the Act. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Kenneth Winston filed applications for disability and SSI benefits on July 24, 1990, in which he alleged that he became disabled due to a number of ailments as of April 9, 1990. An administrative law judge (ALJ) denied both applications after a second hearing and decision. This ALJ's conclusion became the final decision of the Secretary when the Appeals Council denied Winston's petition for review on April 27, 1993.
 
 
 3
 Winston thereafter sought federal court review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the Secretary's decision be affirmed. The district court adopted this recommendation over Winston's objections and this appeal followed. The parties have briefed the issues through counsel.
 
 
 4
 Winston was born January 1, 1951. He completed the eleventh grade and then worked for Louisville Gas & Electric Company from 1972 through 1989 as a truck driver, equipment operator and pipefitter. Winston's benefits application listed an onset date of April 9, 1990, when he claims he became disabled due to a ruptured disk, diabetes and endocarditis. Winston additionally claimed that he suffered from hypertension and a foot injury.
 
 
 5
 Winston's application was initially considered and rejected by an ALJ. The Appeals Council, however, remanded the application for further development of the record including an evidentiary hearing. The reconsideration resulted in another decision to deny benefits. The Appeals Council declined to review the ALJ's second decision. The magistrate judge found the Secretary's decision supported by the record and the district court later adopted this conclusion.
 
 
 6
 On appeal, counsel for Winston contends that the Secretary's decision is not supported by substantial evidence. Counsel sets forth some specific propositions under this heading: there is conclusive proof of disabling pain, the opinion of the treating physician should have been controlling on the question of disability, and the Secretary did not meet her burden of proof to establish Winston's residual functional capacity to do sedentary work.
 
 
 7
 The standard of review that applies to Winston's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir. 1989) (per curiam):
 
 
 8
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 9
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545-46 (6th Cir. 1986) (en banc). In the case at bar, the Secretary denied Winston's application for benefits upon reaching the fifth step in the sequential analysis found at 20 C.F.R. Secs. 404.1520, 416.920. That is, the Secretary acknowledged Winston could no longer work at his previous occupation but found that he retained the capacity to do other existing sedentary work. Substantial evidence exists to support the Secretary's decision denying benefits at the fifth step in the sequential evaluation.
 
 
 10
 Winston first claims that there is sufficient objective medical evidence in the record to establish his claim of disabling pain. In evaluating a claim of debilitating pain, the court applies the two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam), and it is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. Id.
 
 
 11
 There is objective evidence of conditions which might cause disabling pain. There is also, however, evidence to the contrary, including, inter alia, notes of a non-treating physician that Winston exhibited no straight leg raising pain or weakness and that Winston has not taken any prescription medication for his back condition since 1990, relying instead only on aspirin to alleviate the pain. There is also evidence that Winston lives by himself and is able to do some light indoor housework.
 
 
 12
 Evidence of a claimant's ability to care for some of his personal and household needs and engage in some social situations is relevant to a disability determination. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam). A claimant's use of mild medications also undercuts a claim of disabling pain. Id.; Kimbrough v. Secretary of Health and Human Servs., 801 F.2d 794, 797 (6th Cir. 1986) (per curiam). In short, there is conflicting objective and subjective evidence of disabling pain. In this situation, the decision of the Secretary cannot be disturbed.
 
 
 13
 Winston contends that the district court failed to accord the proper deference to the opinion of Winston's treating physicians that he was totally disabled. Although a treating physician's conclusion of disability is entitled to deference, Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir. 1984), that opinion must be supported by substantiating medical evidence. See Villarreal v. Secretary of Health and Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (per curiam). The determination of disability is the prerogative of the Secretary, not the treating physician. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779-80 (6th Cir. 1987).
 
 
 14
 The treating physician's conclusions are simply not dispositive of this issue, however, if there is substantial evidence to the contrary. Varley, 820 F.2d at 779-80; Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir. 1987) (per curiam). There is sufficient support in the record for the Secretary's decision denying the claim of disabling pain and on the other grounds listed to preclude a contrary decision in federal court.
 
 
 15
 The ALJ found that Winston was unable to perform his past relevant work. When that happened, the burden shifted to the Secretary to show that a significant number of other jobs were still available to Winston despite his impairments. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). The ALJ found that Winston retained the ability to perform a limited range of sedentary work. The ALJ made this determination by applying his findings to the medical-vocational guidelines or the "grid" (20 C.F.R. Sec. 404 Appendix 2 of Subpart P) without the benefit of testimony from a vocational expert. Counsel for Winston argues that the Secretary did not meet her burden of proof in this regard.
 
 
 16
 The evidence of record includes an assessment by a non-treating physician that Winston was capable of sitting and standing during an eight hour work day, and that he can continuously carry up to 10 pounds, frequently lift 11-20 pounds and occasionally lift and carry 21-50 pounds. The physical capacities evaluation also reflects that Winston can use both hands for grasping, pushing and pulling and fine manipulation and that he is under no restrictions concerning the operation of an automobile. This fits well within the description of sedentary work. There is thus substantial evidence supporting the Secretary's decision in this and all other regards. The appeal lacks merit.
 
 
 17
 Accordingly, the district court's judgment is affirmed.