966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy LADANYI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1969.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Randy K. Ladanyi, a Michigan resident represented by counsel, appeals a district court order affirming the Secretary's denial of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have waived oral argument.
 
 
 2
 Ladanyi filed applications for social security disability insurance benefits and supplemental security income benefits with the Secretary, alleging that he suffered from arthritis, headaches, ulcers, and intestinal problems. Following a hearing, the administrative law judge (ALJ) determined that Ladanyi was not disabled. Ladanyi appealed, and the Appeals Council remanded the case for a supplemental hearing. Following the second hearing, the ALJ determined that Ladanyi was not disabled prior to November 1988. Therefore, the ALJ awarded Ladanyi only supplemental security income benefits as of this date.
 
 
 3
 Ladanyi appealed the ALJ's decision and the Appeals Council affirmed. Ladanyi then sought judicial review of the Secretary's decision denying his request for social security disability insurance benefits and for supplemental security income benefits prior to November 1988. The case was referred to a magistrate judge who recommended that summary judgment be granted to the Secretary. Over Ladanyi's objections, the district court adopted the magistrate judge's recommendation and issued judgment for the Secretary. Ladanyi then filed this timely appeal.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Ladanyi's allegation of disabling pain is not supported by the record. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). The Secretary considered Ladanyi's impairments in combination. See Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 591-92 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988). Ladanyi's conditions do not equal a listed impairment. See Land v. Secretary of Health and Human Services, 814 F.2d 241, 245 (6th Cir.1987) (per curiam). Furthermore, the medical evidence and testimony of the vocational experts constitute substantial evidence that Ladanyi could perform a significant number of jobs in the national economy prior to November 1988. See Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987); Bradford v. Secretary of Dep't of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 5
 Accordingly, we affirm the judgment for the reasons set forth in the magistrate judge's report of March 8, 1991, as adopted by the district court on July 25, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.