74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hattie MCKENZIE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-6448.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1996.
 
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.**
 PER CURIAM.
 
 
 1
 Hattie McKenzie appeals a district court judgment affirming the Commissioner's denial of her application for social security disability benefits.
 
 
 2
 An Administrative Law Judge ("ALJ") found that McKenzie suffered from severe hyperkyphosis, arthritis, scoliosis, osteoporosis, and the residuals from decompression and fusion surgery. The ALJ found, however, that McKenzie's condition did not meet or equal any of the impairments listed in Appendix 1 to the regulations. He also found that she could perform a range of sedentary work reduced by the need for a sit/stand option. Relying on the testimony of a vocational expert, the ALJ determined that McKenzie was not disabled because her residual functional capacity permitted her to perform her past work. The ALJ's opinion became the final decision of the Commissioner on October 29, 1993, when the Appeals Council declined further review. On October 7, 1994, the district court granted the Commissioner's motion for summary judgment, and it is from this judgment that McKenzie now appeals.
 
 
 3
 As stated in Myers v. Secretary of Health & Human Svcs.,
 
 
 4
 The standard of review applicable to this case is whether the [Commissioner's] decision to exclude appellant[ ] is supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In our review, we do not consider the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.
 
 
 5
 893 F.2d 840, 842 (6th Cir.1990) (citations and quotations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if there is substantial evidence to the contrary. Cutlip v. Secretary of Health & Human Svcs., 25 F.3d 284, 286 (6th Cir.1994). In the present case, substantial evidence supports the Commissioner's finding that McKenzie could still perform her past work and therefore is not disabled.
 
 
 6
 McKenzie alleged three disabilities, osteoporosis, other vertebrogenic disorders, and disabling back pain. Disabling osteoporosis and other vertebrogenic disorders are listed impairments, and to qualify for benefits, the claimant must produce evidence to show that her condition meets or equals the conditions listed in the social security regulations. See Evans v. Secretary of Health & Human Svcs., 820 F.2d 161, 164 (6th Cir.1987). The regulations describe osteoporosis and other vertebrogenic disorders as follows:
 
 
 7
 B. Osteoporosis, generalized (established by X-ray) manifested by pain and limitation of back motion and paravertebral muscle spasm with X-ray evidence of either:
 
 
 8
 1. Compression fracture of a vertebral body with loss of at least 50 percent of the estimated height of the vertebral body prior to the compression fracture, with no intervening direct traumatic episode; or
 
 
 9
 2. Multiple fractures of vertebrae with no intervening direct traumatic episode.
 
 
 10
 C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus [sic], spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 11
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 12
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 13
 20 C.F.R. Pt. 404, Subpt. P, App. 1 Sec. 1.05(B) & (C) (1995).
 
 
 14
 McKenzie concedes that she did not have vertebral fractures as required for disabling osteoporosis. McKenzie's Br. at 11; see also J.A. at 191, 225. Further, The record indicates that she did not have the muscle spasms required for a finding of other vertebrogenic disorders. J.A. at 154, 252. As McKenzie has not pointed to specific symptoms, signs, and laboratory findings to show that her condition was equivalent to section 1.05 condition, we conclude the ALJ's decision denying benefits for a listed impairment was supported by substantial evidence. See Land v. Secretary of Health & Human Svcs., 814 F.2d 241, 244-45 (6th Cir.1986).
 
 
 15
 McKenzie's remaining claim is that her constant back pain has diminished her residual functional capacity for a reduced range of sedentary work. A claimant's statement that she experiences pain or other symptoms does not, taken alone, establish that she is disabled. Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir.1993). A claimant must show: (1) objective medical evidence of a condition that causes the symptoms, and (2) evidence that the condition is one that could reasonably be expected to cause symptoms of disabling severity. 20 C.F.R. Sec. 404.1529 (1995); Felisky v. Secretary of Health & Human Svcs., 35 F.3d 1027 (6th Cir.1994). The claimant must further demonstrate that the disabling pain must persist for a continuous period of at least 12 months. Houston v. Secretary of Health & Human Svcs., 736 F.2d 365, 366 (6th Cir.1984).
 
 
 16
 There is no dispute that Mrs. McKenzie suffered from conditions that would cause pain. Mrs. McKenzie contests the ALJ's conclusion that her pain is not disabling. The ALJ's conclusions were based on evaluations provided by Mrs. McKenzie's treating physician indicating that she is capable of occasionally lifting ten to fifteen pounds, standing or walking for less than two of eight hours, and sitting for less than six of eight hours. J.A. at 208-09, 241-42. This evidence as well as testimony from a vocational expert substantially supports the ALJ's conclusion that Mrs. McKenzie's pain would not prevent her from engaging in a range of sedentary work, reduced by the need for a sit/stand option. Although Mrs. McKenzie testified that her pain was totally disabling, the "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). Based upon the substantial evidence in the record, the ALJ did not err in crediting other evidence over McKenzie's testimony. See Bogle v. Sullivan, 998 at 348.
 
 
 17
 Lastly, McKenzie argues that Dr. Broadstone's assessments show that she can perform no more than part-time work. If true, this does not render the ALJ's decision erroneous. Part-time work may constitute substantial gainful activity that precludes a claim for disability benefits. See Davis v. Secretary of Health & Human Svcs., 915 F.2d 186, 189 (6th Cir.1990).
 
 
 18
 The ALJ's conclusions that Mrs. McKenzie is not disabled either by a listed impairment or by continuous pain are supported by substantial evidence. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Public Law 103-296, Sec. 106(d), 108 Stat. 1464, 1476 (1994) (effective March 31, 1995), the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security. Accordingly, Shirley S. Chater, Commissioner of Social Security, is substituted as Defendant for Donna E. Shalala, Secretary of Health and Human Services. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of this final decision, we refer to the Defendant as "the Commissioner."
 
 
 **
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation