83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert LEVINGSTON, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security, Defendant-Appellee.
 No. 95-3939.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Robert Levingston, through counsel, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits (DIB) and supplemental security income (SSI) benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Levingston filed his application for SSI on June 6, 1991. He then filed an application for DIB on August 26, 1991. Levingston alleges that, since 1990, he has been unable to work because of the following conditions: considerable pain in his upper back and lower neck; severe headaches related to back and neck pain: numbness in his left arm and fingers; lack of dexterity in his left thumb; and a heart condition. After a hearing was held, the administrative law judge (ALJ) concluded, among other things, that: (1) Levingston did not have an impairment or combination of impairments listed in or equal to one set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings); (2) Levingston was unable to perform his past relevant work as a criminal investigator; and (3) Levingston had the residual functional capacity (RFC), considering his transferable skills, to perform a significant number of jobs in the national economy, so that he was not "disabled" under the regulations. Accordingly, the ALJ denied Levingston's applications for benefits. The Appeals Council denied Levingston's request for review of this decision.
 
 
 4
 Levingston then filed a timely complaint in federal district court on November 4, 1993. A magistrate judge recommended affirming the Secretary's decision to deny benefits and, upon de novo review of the magistrate judge's report, the district court adopted the report and affirmed the Secretary's denial of benefits.
 
 
 5
 On appeal, Levingston presents the following issues for consideration: (1) whether substantial evidence supports the Secretary's decision that the claimant is not disabled, based upon a combination of his exertional impairments and resulting pain; and (2) whether substantial evidence supports the Secretary's decision that the claimant can perform substantial gainful activity which exists in the national economy.
 
 
 6
 This court concludes that there is substantial evidence to support the Secretary's decision to deny Levingston benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam). First, Levingston could not show that his condition met or equalled § 1.05C of the Listings. Levingston argues that the x-rays and MRI attached to Dr. Mazansky's second report reveal arthritis and other degenerative disc changes and herniations that meet the requirements under § 1.05C. However, degenerative arthritis of the back is not expected to produce disabling pain. Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 713 (6th Cir.1988) (per curiam). Furthermore, a diagnosis of a herniated disc and treatment for this problem does not equate to a finding of disability. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam). In this case, the absence of significant neurological deficits and muscle atrophy supports the ALJ's conclusion that the claimant's allegations of severe disabling pain due to his back disorder are not confirmed by the objective medical evidence. See Crouch v. Secretary of Health and Human Servs., 909 F.2d 852, 857 (6th Cir.1990) (per curiam). Likewise, there is no medical opinion or other evidence to support Levingston's claim that his condition was equivalent to the listed impairment. 20 C.F.R. § 416.926(b); Evans v. Secretary of Health and Human Servs., 820 F.2d 161, 164-65 (6th Cir.1987) (per curiam); Land v. Secretary of Health and Human Servs., 814 F.2d 241, 245 (6th Cir.1986) (per curiam).
 
 
 7
 Levingston also argues that the ALJ erred by not considering Levingston's complaints of pain in combination with his other alleged impairments. However, credibility determinations regarding a claimant's subjective complaints rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). The ALJ properly applied to Levingston's claim the two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Further, the ALJ properly considered the following factors before concluding that Levingston had not met his burden of showing debilitating pain: 1) a lack of continuing treatment for his impairments; 2) the absence of evidence showing that the medication prescribed did not control Levingston's conditions and pain; 3) the fact that the claimant's back complaints had been present since about 1963 or 1964, following which time Levingston continued working; and 4) the fact that Levingston participated in a variety of ordinary and daily living activities. These findings were supported by substantial evidence and will not be disturbed.
 
 
 8
 Levingston also argues that the vocational expert's (VE) testimony was faulty. The VE's testimony was appropriately based on a hypothetical question which accurately portrayed the claimant's physical and mental impairments. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). Further, the ALJ was not required to incorporate Levingston's unsubstantiated allegation that he could only be comfortable and work in a reclining position. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam).
 
 
 9
 There is no merit to the claimant's argument that all of the occupations the VE suggested as alternative work required Levingston to be a member of a police force. While the titles of detective, traffic lieutenant, and desk officer are, according to the Dictionary of Occupational Titles (DOT), defined as occupations falling within the industry of government services, the VE also suggested other careers that Levingston could perform outside of government service, specifically that of security guard and surveillance monitor. Moreover, even though the jobs of detective, traffic lieutenant and desk officer are listed under "government services" in the DOT, these occupations are not necessarily restricted to government service. See Employment and Training Div., U.S. Dep't of Labor, Dictionary of Occupational Titles, xxi (4th ed. 1991). The VE's suggested alternative jobs were sufficient to meet the Secretary's burden of showing a significant number of jobs available to Levingston in the economy, considering his age, education, past work experience and residual functional capacity. Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990).
 
 
 10
 Lastly, there is no merit to the claimant's argument that he has no transferrable skills. The VE testified that Levingston's transferrable skills included effective communication, practical thinking, the ability to deal with various people under adverse conditions, an acquired knowledge of law and regulations, and the ability to write and understand legal terms, which skills may be transferred to jobs other than those occupied by municipal police officers.
 
 
 11
 Accordingly, the district court's judgment affirming the Secretary's denial of benefits is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation