85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon A. BLANTON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-6142.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1996.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Vernon A. Blanton appeals a district court judgment which affirmed the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Blanton alleged that he became disabled on March 5, 1992, due to back pain and respiratory problems. An Administrative Law Judge ("ALJ") found that Blanton had cervical and lumbosacral strains, degenerative disc disease, a mild obstructive pulmonary defect and chest pain. However, the ALJ found that Blanton's condition was not equal or equivalent to any of the impairments that are listed in Appendix 1 to the regulations. He also found that Blanton's complaints of disabling pain were not fully credible and that Blanton was not disabled because he retained the residual functional capacity to perform a wide range of sedentary work.
 
 
 4
 The ALJ's opinion became the final decision of the Secretary on April 18, 1994, when the Appeals Council declined further review. The district court awarded summary judgment to the Secretary on August 4, 1995, and it is from this judgment that Blanton now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 7
 Blanton first argues that he is disabled because his condition is equal to the following impairment, which is listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.05(C):
 
 
 8
 C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus [sic], spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 9
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 10
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 11
 To establish disability under § 1.05(C), Blanton must point to medical signs and laboratory findings that are at least equal to this listing in duration and severity. See Land v. Secretary of Health and Human Servs., 814 F.2d 241, 245 (6th Cir.1986) (per curiam).
 
 
 12
 Blanton has a recurrent herniation at the juncture of his lumbar and sacral vertebrae, which meets the duration requirement of § 1.05(C). However, there is nothing in the reports of his treating physician, Dr. Bean, to indicate that Blanton suffered from muscle spasms and significantly limited motion of the spine, as required by § 1.05(C)(1). A consulting examiner, Dr. Sheridan, did note a mild lumbar paravertebral spasm. However, his report also indicates that Blanton's range of motion was within normal limits. Blanton's failure to meet his burden regarding the first subsection of the listing makes it unnecessary to consider the requirements of § 1.05(C)(2). See Nunn v. Bowen, 828 F.2d 1140, 1144 (6th Cir.1987) (per curiam). Thus, substantial evidence supports the ALJ's finding that Blanton did not have a listed impairment. See id.; Land, 814 F.2d at 244-45.
 
 
 13
 Blanton argues that the ALJ erred by discounting his allegations of disabling pain. However, the ALJ noted that Blanton did not take prescribed medications for pain, that he had not complained of disabling pain to his treating physician and that he had sought very little regular treatment for pain or other symptoms. The ALJ also noted that Blanton had not followed Dr. Bean's advice to go for a myelogram, that Dr. Bean had not placed any restrictions on Blanton's ability to perform work-related activities and that Dr. Sheridan had reported that Blanton's complaints were in excess of clinical and x-ray findings. Therefore, the ALJ properly evaluated Blanton's allegations of disabling pain, and substantial evidence supports the ALJ's finding that those allegations were not fully credible. See Stanley v. Secretary of Health and Human Servs., 39 F.3d 115, 117-18 (6th Cir.1994); Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam).
 
 
 14
 Blanton also implies that the ALJ did not give sufficient deference to the opinion of his treating physician. A treating physician's opinion is entitled to substantial deference; however, Dr. Bean did not place any specific restrictions on Blanton's work-related activities. The lack of physical restrictions may constitute substantial evidence to support a finding of non-disability. See Nunn, 828 F.2d at 1145. Thus, the ALJ gave sufficient deference to the opinion of Blanton's treating physician. See Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 712 (6th Cir.1988) (per curiam).
 
 
 15
 Since Blanton was unable to perform his past relevant work, the burden shifted to the Secretary to show that a significant number of other jobs were available to him. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 771 (6th Cir.1987). The ALJ met this burden by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 201.24 through 201.26. These rules indicate that a significant number of sedentary jobs are available to someone of Blanton's age, education and vocational background. We note that residual functional capacity assessments prepared by Dr. Sheridan and by another consultant, Dr. Helton, provide substantial support for the ALJ's finding that Blanton retained the ability to perform the exertional demands of sedentary work.
 
 
 16
 The Secretary may not rely exclusively on the grids when a claimant has a significant nonexertional impairment that limits his ability to perform a wide range of work at a given level. However, "the mere possibility of a nonexertional impairment is insufficient. Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level." Kimbrough v. Secretary of Health and Human Servs., 801 F.2d 794, 796 (6th Cir.1986) (per curiam). Blanton's allegations of disabling pain do not meet this test. See Cole, 820 F.2d at 772; Kimbrough, 801 F.2d at 797.
 
 
 17
 Blanton argues that his need for a sit/stand option precluded a wide range of sedentary work. However, this alleged need is plainly refuted by Dr. Helton's medical assessment. Moreover, although Dr. Sheridan indicated that Blanton could sit for only one hour without interruption, he also indicated that Blanton could sit for a total of eight hours in an eight-hour workday. Thus, Blanton has not shown that his ability to perform a wide range of sedentary work was significantly limited by the alleged need to alternate positions. See Bradley v. Secretary of Health and Human Servs., 862 F.2d 1224, 1227-28 (6th Cir.1988) (per curiam).
 
 
 18
 The record shows that Blanton suffers from a mild respiratory impairment. However, no restrictions were placed on Blanton's activities by the doctors who identified this impairment. Moreover, Dr. Helton indicated no environmental restrictions on Blanton's residual functional capacity assessment, and Dr. Sheridan expressly indicated that Blanton could work in environments that involved temperature extremes, chemicals, dust, fumes and humidity. These reports provide substantial support for the ALJ's finding that Blanton could perform a wide range of sedentary work despite his respiratory impairment. See Mullins v. Secretary of Health and Human Servs., 836 F.2d 980, 985 (6th Cir.1987) (per curiam); Crady v. Secretary of Health and Human Servs., 835 F.2d 617, 622 (6th Cir.1987) (per curiam). Hence, the grids provide substantial evidence to support the Secretary's ultimate determination that Blanton was not disabled, as they show that a significant number of jobs were available to him despite his impairments.
 
 
 19
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation