Ellaree **BLANTON,** Plaintiff–Appellant,

v.

**SOCIAL SECURITY ADMINISTRATION,** Defendant–Appellee.

No. 03–6391.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Wolodymyr Cybriwsky, Law Offices of Wolodymyr Cybriwsky, Prestonsburg, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, Jane D. Samuel, U.S. Attorney's Office, Lexington, KY, for Defendant–Appellee.

Before SUHRHEINRICH and CLAY, Circuit Judges; and NIXON, District Judge.*

### ORDER

Ellaree Blanton, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Blanton filed her application for supplemental security income benefits on November 19, 1999. Blanton was born on October 4, 1957, and has a seventh grade education. She has no past relevant work experience. Blanton was allegedly disabled due to back pain, nerves, and a learning disability.

After a hearing, an administrative law judge (ALJ) found that Blanton could perform a substantial number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Blanton then filed a civil action seeking judicial review of the Commissioner's decision. Upon de

* The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

Our review is limited to whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). We must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

Blanton claims that the ALJ failed to provide her a reasonable opportunity for a fair hearing for the following reasons: 1) ALJ James D. Kemper, Jr. conducted a supplemental hearing on September 21, 2003, without Blanton being present and made credibility determinations based on her prior testimony at a hearing conducted on October 25, 2000, by ALJ Mack H. Cherry; 2) after the 2000 hearing, ALJ Cherry sent an unspecified portion of Blanton's claim file to Dr. Gitlow, a psychiatrist, in an effort to discredit otherwise favorable evidence regarding her mental problems; 3) ALJ Cherry's actions were a clear violation of Blanton's due process rights; and 4) Dr. Gitlow is a brother to ALJ William H. Gitlow, an ALJ in the same office as ALJ Cherry and ALJ Kemper, and this conflict of interest deprived Blanton of her right to a fair hearing.

■ Blanton alleged that ALJ Kemper conducted a second hearing on September 21, 2001, without her being present and then made credibility determinations as a result of the hearing. However, Blanton has not established good cause for her failure to appear at the second hearing conducted on September 21, 2001. Additional hearings had been scheduled for July 5, 2001, May 4, 2001, October 25, 2000, and September 19, 2000. When Blanton failed to appear for the September 19, 2000, hearing, ALJ Cherry directed Blanton to show cause for her failure to appear. In response to that order, Blanton gave the following hand-written answer:

> As you can see by the date on this letter there was no way I could let you know why I wasn't at the hearing by sept. 25th [sic] because I did not receive this letter until Sept. 27th. The reason I didn't show for the hearing is because my husband had to be in court the same day and our car tore up and I couldn't get there. Thank you. Ellaree Blanton.

Given Blanton's history of failing to appear at numerous scheduled hearings, Blanton cannot complain that ALJ Kemper improperly proceeded with her September 21, 2001, hearing.

■ Blanton argues that ALJ Cherry sent a portion of her file to Dr. Gitlow in an effort to discredit otherwise favorable social security administration evidence regarding her mental problems. However, ALJ Cherry advised Blanton and her attorney at the October 25, 2000, hearing that he would be obtaining a consultative examination and would be sending Blanton's treatment notes to that doctor. On May 28, 2001, ALJ Cherry sent Blanton's counsel a copy of Dr. Gitlow's responses to the ALJ's interrogatories, as well as the doctor's professional qualifications. ALJ Cherry offered Blanton's attorney an opportunity to submit written comments to Dr. Gitlow's statements.

ALJ Cherry also advised counsel that Blanton had the right to request a supplemental hearing at which she would have the opportunity to appear, testify, and submit additional evidence. Counsel was informed that if Blanton's request for a sup-

plemental hearing was granted, the ALJ would issue any necessary subpoenas.

ALJ Cherry ordered a supplemental hearing for May 4, 2001, at which Dr. Gitlow was subpoenaed to appear. However, Blanton did not appear for the hearing and ALJ Cherry again scheduled a hearing for July 5, 2001. Blanton again failed to appear. Blanton made no effort to secure a subpoena for Dr. Gitlow's attendance at the July 5, 2001, hearing, nor for the hearing scheduled for September 21, 2001. Blanton did not submit any additional medical evidence to rebut Dr. Gitlow's findings. Given these facts, Blanton had ample opportunity to respond and rebut the findings of Dr. Gitlow. The argument is without merit.

■ Blanton contends that it was unfair to obtain the opinion of Dr. Gitlow given that he is the brother of ALJ William H. Gitlow, who is in the same office as ALJ Cherry and ALJ Kemper. Blanton states this conflict deprived her of a fair hearing. Blanton bears the burden of making a "strong showing" of bias. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Blanton asserts that the ALJ's adverse determination regarding her credibility, and the kinship between Dr. Gitlow and another ALJ, shows ALJ Kemper's bias against Blanton.

Blanton's assertions are insufficient to question ALJ Kemper's impartiality. Dr. Gitlow's relationship to an ALJ who had no involvement in this case does not present a conflict of interest. ALJ Kemper's credibility determination neither shows bias nor otherwise renders the proceedings unfair in any manner.

■ Blanton also asserts that the record shows that she meets the requirements of listing 12.05 of 20 C.F.R. Part 404, Subpart P, Appendix 1, entitling her to an award of benefits. According to Blanton, there are two valid and qualifying psychological IQ scores which show that she has mild mental retardation. Blanton states that this evidence qualifies her for an award of benefits.

The third step in the sequential evaluation for disability benefits requires a determination of whether an impairment or a combination of impairments meets or equals one or more of the medical conditions listed in Appendix 1. *See* 20 C.F.R. §§ 416.920, 416.925, 416.926. An impairment meets a listed impairment only when it manifests the specific findings described in the set of medical criteria for that particular listed impairment. 20 C.F.R. § 416.925(d). Medical equivalence must be based on medical findings supported by medically acceptable clinical and laboratory techniques. 20 C.F.R. § 416.926(b). It is a claimant's burden at the third step of the evaluation process to provide evidence that she meets or equals a listed impairment. *Evans v. Sec'y of Health & Human Servs.,* 820 F.2d 161, 164 (6th Cir.1987).

If a claimant suffers from an impairment which meets or equals a listed impairment, the claimant is disabled without consideration of the claimant's age, education, and work experience. *See Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 528 (6th Cir.1981). An impairment, or combination of impairments, will be deemed medically equivalent to a listed impairment if the symptoms, signs, and laboratory findings, as shown in the medical evidence, are at least equal in severity and duration as to the listed impairment. *Land v. Sec'y of Health & Human Servs.,* 814 F.2d 241, 245 (6th Cir.1986).

When all the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing. *See Hale v. Sec'y of Health & Human Servs.,* 816 F.2d

1078, 1083 (6th Cir.1987). In evaluating whether a claimant's impairment meets or equals a listing, an ALJ may consider the opinion of a medical expert or a non-examining doctor designated by the Commissioner. However, the ALJ is not bound by this opinion. *See Reynolds v. Sec'y of Health & Human Servs.*, 707 F.2d 927, 930 (6th Cir.1983). The Commissioner is not bound by a treating doctor's conclusory statement that the claimant meets a particular listing where there is evidence to the contrary. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir.1986).

Blanton states that uncontested medical evidence proves that she meets the requirements of listing 12.05 as two valid and qualifying psychological IQ scores show evidence of mild mental retardation. Blanton does not indicate how a finding of mild mental retardation would, in and of itself, satisfy the requirements of listing 12.05C. The listing requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.05C.

Contrary to Blanton's assertions, two IQ scores of 70, without more, does not satisfy the requirements of Listing 12.05C. Further, ALJ Kemper carefully considered all the evidence in the record and explained in detail why he did not find the IQ test results to be persuasive proof that Blanton suffers from a severe impairment regarding her mental functioning. ALJ Kemper's detailed reasoning why Blanton does not have an impairment or combination of impairments which equal a listed impairment is supported by substantial evidence of record.

Accordingly, we affirm the district court's judgment.